UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTALITA KING** | : | Case No. 1:22-CV-395 |
| 8608 Renaa Ave., | : | |
| Galloway, OH 43119 | : | |
| | : | **Judge** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **LAZER SPOT INC.** | : | |
| d/b/a LAZER SPOT | : | |
| 6525 Shiloh Rd. #900 | : | |
| Alpharetta, GA 30005 | : | |
| | : | |
| Defendant. | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Antalita King, for her Complaint against Lazer Spot, Inc., ("Lazer Spot") states as follows:

### I.  PRELIMINARY STATEMENT

1. This action arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*, and the Ohio Civil Rights Act.  Ms. King, a former employee of Defendant Lazer Spot, Inc., alleges that Defendant interfered with her rights under the FMLA and discriminated against her in violation of the ADA by terminating her because of her disability and for her use of FMLA eligible medical leave.

2. Ms. King seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for her economic injuries, liquidated damages, compensatory

damages for her noneconomic injuries, and punitive damages. Finally, Ms. King seeks payment of her reasonable attorney fees and costs.

## II.    JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, 42 U.S.C. § 12101, *et seq.* and 29 U.S.C. § 2601, *et seq.* The Court may also assert supplemental jurisdiction over the state law claim.

4. Venue with this Court is appropriate because the acts complained of herein occurred within the judicial district of the Southern District of Ohio.

## III.    ADMINISTRATIVE HISTORY

5. On or about May 7, 2021, Ms. King filed a charge of discrimination (No. 532-2021-01135 with the Equal Employment Opportunity Commission ("EEOC") against Lazer Spot, Inc., alleging disability discrimination. On April 13, 2022, the EEOC issued Ms. King a Notice of Right to Sue.

6. Ms. King has timely filed this claim within 90 days of receipt of that notice.

## IV.    PARTIES

7. Plaintiff Antalita King is a United States citizen and a resident of Galloway, Ohio. Lazer Spot employed Ms. King as a truck driver.

8. Defendant Lazer Spot, Inc. is a limited liability company headquartered in Georgia and doing business in the Southern District of Ohio. Defendant Lazer Spot employs more than 50 people, and Defendant is an employer as that term is defined by the Americans with Disabilities Act, the Family and Medical Leave Act, and the Ohio Civil Rights Act.

## V. STATEMENT OF THE CASE

9. Ms. King began working for Lazer Spot, Inc., in or about January 2019 as a truck driver.

10. Ms. King suffers from hyperthyroidism. Hyperthyroidism is a disorder that impairs the ordinary functioning of the endocrine system.

11. On or about January 15, 2021, Ms. King took, and Lazer Spot approved, a medical leave of absence to adjust to new medication to treat her hyperthyroidism.

12. On February 17, 2021, when the symptoms of Ms. King's hyperthyroidism had improved as a result of the new medication, her physician released her to return to work without restrictions as of February 22, 2021.

13. That same day, Ms. King provided a note from her physician stating that she was cleared to return to work without restrictions on February 22, 2021, to a Lazer Spot human resources representative, Holly Smedley.

14. However, early on February 22, 2021, Ms. Smedley informed Ms. King via text message that she had not heard from the corporate office and that Ms. King should not return to work that day.

15. Late on February 22, 2021, Ms. Smedley again sent a text message to Ms. King stating that the corporate office had still not approved her to return to work.

16. On February 23, 2021, Ms. Smedley told Ms. King during a telephone call that Lazer Spot required that Ms. King provide "discharge" paperwork showing that she was cleared to return to work.

17. Later that day, Ms. King informed Ms. Smedley that her physician had not provided "discharge" paperwork. Ms. King provided Ms. Smedley with a second medical

3

note explaining her condition, the reason for her leave and clearing her to return to work immediately without restrictions.

18. Ms. Smedley again rejected this note and then asked Ms. King to "go online and get the paperwork."

19. Ms. King informed Ms. Smedley that the only additional documentation she could provide was from her electronic medical record and that her electronic medical record contained information about her medical history unrelated to her leave, which she did not want to provide to Lazer Spot.

20. Thereafter, Lazer Spot refused to reinstate Ms. King.

21. On March 5, 2021, having received no further communication from Lazer Spot and having not been reinstated, Ms. King informed the company that she was resigning because the company would not reinstate her without forcing her to provide the company with protected health information in violation of the law.

## VI. STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 USC § 12101 and Ohio Rev. Code § 4112.02)

22. Ms. King incorporates paragraphs 1 through 21 as if fully rewritten herein.

23. Ms. King suffers from hyperthyroidism, a condition that substantially limits the normal operation of her endocrine system and that is a disability within the meaning of the ADA.

24. Ms. King was qualified for her position with Lazer Spot.

25. Lazer Spot knew that Ms. King had a disability.

26. Lazer Spot constructively discharged Ms. King by refusing to reinstate her without requiring her to provide medical information that was not job-related and not consistent with a business necessity.

27. Lazer Spot terminated Ms. King because of her disability and her refusal to respond to a prohibited medical inquiry.

28. Lazer Spot also denied Ms. King accommodation for her disability in the form of job-protected leave to adjust to new medication. By denying her reinstatement, Lazer Spot denied the leave of absence.

29. As a result of Lazer Spot's illegal actions, Ms. King has suffered damages including lost wages and emotional distress.

30. Lazer Spot acted with malice and a conscious disregard for Ms. King's federally protected rights.

**Count 2: Interference**
**(29 U.S.C. § 2601)**

31. Plaintiff incorporates paragraphs 1 through 30 as if fully rewritten herein.

32. Ms. King was eligible for FMLA leave when she requested leave to treat her disability. She had worked for Lazer Spot for more than 12 months and had worked more than 1250 hours at Lazer Spot in the previous 12 months.

33. Lazer Spot employs more than 50 employees within 75 miles of Ms. King's workplace and is thus an employer within the meaning of the FMLA.

34. Ms. King notified Lazer Spot of her need for leave related to a severe medical condition.

35. Lazer Spot interfered with Ms. King's FMLA rights by refusing to reinstate her following her leave and by seeking a fitness-for-duty certification that contained information beyond that which the FMLA authorizes.

36. Lazer Spot used Ms. King's FMLA leave as a negative factor in the decision to refuse to reinstate her and to constructively terminate her employment.

37. As a result of Lazer Spot's actions, Ms. King suffered damages, including lost wages and other economic harm.

38. Lazer Spot acted willfully when it interfered with Ms. King's request for leave.

## PRAYER FOR RELIEF

Wherefore, Ms. King demands judgment against Defendant Lazer Spot as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. King in an amount to be determined at trial, plus interest;

2. An equal amount in liquidated damages;

3. An order reinstating Ms. King to her previous position, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

4. An award of compensatory damages for all noneconomic damages suffered;

5. An award of punitive damages;

6. An award of Ms. King's reasonable attorney fees and costs; and

7. An award of any other relief in law or equity to which Ms. King is entitled.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513-621-8800
Fax: 513-621-8833
bbutler@mezibov.com

*Attorney for Plaintiff Antalita King*

## JURY DEMAND

Plaintiff Antalita King demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)